IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

WILLIAM RAY SASSAMON                                          PLAINTIFF

v.                          Civil No. 4:21-cv-04062

DUSTIN WAKEFIELD, Mineral Springs Police
Officer; STATE TROOPER FORD, Howard County;
JANA TALENT, Howard County; and BRIAN
MCJUNKINS, Howard County                          DEFENDANTS

## REPORT AND RECOMMENDATION

Before the Court are two Motions to Dismiss filed by Defendants. (ECF Nos. 10, 15). Plaintiff has filed a Response in opposition to the motions. (ECF No. 20). Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable Susan O. Hickey, Chief United States District Judge, referred the instant motions to the undersigned for the purpose of making a Report and Recommendation.

### I. BACKGROUND

Plaintiff William Ray Sossamon filed his Complaint in this lawsuit on September 24, 2021. (ECF No. 1). Plaintiff named the following individuals as Defendants: Dustin Wakefield – a Mineral Springs Police Officer; Ford - an Arkansas State Trooper; Jana Talent – the Howard County Jail Administrator; and Brian McJunkin – the Sheriff of Howard County. *Id.* at pp. 2-3. He is suing Defendants in both their individual and official capacities and is seeking compensatory and punitive damages. *Id.* at pp. 5-9.

In the Complaint Plaintiff alleges Defendants Wakefield and Ford used excessive force against him in March of 2018. (ECF No. 1, p. 4). He also alleges Defendants Talent and McJunkins "are responsible for their Deputy Dustin Wakefield for using police brutality and excessive force on me." *Id.* at p. 8.

On October 15, 2021, Defendant McJunkins, Talent, and Wakefield filed a Motion to Dismiss and on October 27, 2021, Defendant Ford filed a Motion to Dismiss. (ECF Nos. 10, 15). Defendants argue Plaintiff's Complaint was filed more than three years following the alleged deprivation of his rights stemming from the March 2018 alleged excessive force incident and therefore his claims should be dismissed as being time-barred in accordance with the statute of limitations. *Id.*

Plaintiff filed a Response in opposition to the motions on November 29, 2021. (ECF No. 29). He argues, "we believe our case has a arguable basis and can prove a standard of said argument" and "our case be allowed to proceed irregardless to Defendant stating that it should be time barred." *Id.*

## II. APPLICABLE LAW

Rule 8(a) contains the general pleading rules and requires a complaint to present "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "In order to meet this standard, and survive a motion to dismiss under Rule 12(b)(6), 'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Braden v. Wal–Mart Stores, Inc.,* 588 F.3d 585, 594 (8th Cir. 2009) (quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (internal quotations omitted)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft,* 556 U.S. at 678. While the Court will liberally construe a *pro se* plaintiff's complaint, the plaintiff must allege sufficient facts to support his claims. *See Stone v. Harry,* 364 F.3d 912, 914 (8th Cir. 2004).

## III. DISCUSSION

Section 1983 claims are governed by the personal injury statute of limitations of the state where the claim arose and, in Arkansas, that is three years. Ark. Code Ann. § 16-56-105 (2005); *Miller v. Norris,* 247 F.3d 736, 739 (8th Cir. 2001). Here, according to Plaintiff's Complaint, the events at issue occurred in March of 2018. Accordingly, the deadline for Plaintiff to file any claims relating to the alleged use of excessive force would have been sometime in March of 2021.

As previously stated, Plaintiff's Complaint was not filed until September 24, 2021 – at least five months after the statute of limitations had run. Therefore, Plaintiff's claims for excessive force set forth in the Complaint are barred by the statute of limitation and Plaintiff has failed to state any claims upon which relief could be granted.

## IV. CONCLUSION

For the foregoing reasons, I recommend Defendants' Motions to Dismiss (ECF No. 10, 15) be **GRANTED,** Plaintiff's Complaint (ECF No. 1) be dismissed, and the claims for excessive force against all Defendants be dismissed **WITH PREJUDICE**.

Adoption of these recommendations would result in the dismissal of the entire action. In that event, I further recommend the Court certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this action would not be taken in good faith. In addition, the dismissal of this action should constitute a "strike" under 28 U.S.C. § 1915(g), and it is recommended the Clerk be directed to place a § 1915(g) strike flag on the case.

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED this 8th day of December 2021.**

*/s/ Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE